# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAVORCO OPERATIONS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 26-223-MN |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SHARKNINJA OPERATING LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SHARKNINJA OPERATING LLC'S OPENING BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS UNDER RULE 12(b)(6)

OF COUNSEL:

Brian A. Rosenthal
Jaclyn Hellreich
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel:  (212) 351-2339

Brian Buroker
Shuo Josh Zhang
David Brzowzski
GIBSON, DUNN & CRUTCHER LLP
170 M St., N.W.
Washington, DC 20036
Tel:  (202) 955-8500

David Glandorf
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence Street
Suite 3000
Denver, CO 80202
Tel:  (303) 298-5700

Dated: June 10, 2026
12969455 / 18991.00002

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Peter T. Sabini (#7655)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
psabini@potteranderson.com

*Attorneys for Defendant SharkNinja Operating LLC*

**TABLE OF CONTENTS**

I.      NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

II.     SUMMARY OF THE ARGUMENT ................................................................................2

III.    STATEMENT OF FACTS ...............................................................................................3

IV.     LEGAL STANDARD.......................................................................................................4

V.      ARGUMENT....................................................................................................................4

        A.      MavorCo Fails to Plausibly Allege Infringement of the '179 Design
                Patent....................................................................................................................4

        B.      MavorCo Fails to Plausibly Allege Induced Infringement of the Utility
                Patents. .................................................................................................................7

        C.      MavorCo Fails to Plead Contributory Infringement Adequately. .........................9

        D.      MavorCo's Pre-Suit Willfulness Claims Fail Across All Four Asserted
                Patents. ................................................................................................................11

VI.     CONCLUSION...............................................................................................................14

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. LLC v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) ....................................................................................7, 9

*Anderson v. Kimberly-Clark Corp.*,
    570 F. App'x 927 (Fed. Cir. 2014) ....................................................................................5, 6

*Artrip v. Ball Corp.*,
    735 F. App'x 708 (Fed. Cir. 2018) ......................................................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................4, 9

*Bayer Healthcare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021)...............................................................................................12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................................................4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)....................................................................................7, 8, 10

*Bos. Sci. Corp. v. Nevro Corp.*,
    415 F. Supp. 3d 482 (D. Del. 2019).......................................................................................7

*Circuit City Stores v. Citgo Petroleum Corp.*
    No. 92-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) .......................................................4

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015)..............................................................................................................7, 9

*Curver Luxembourg, SARL v. Home Expressions Inc.*,
    938 F.3d 1334 (Fed. Cir. 2019)...............................................................................................6

*DoDots Licensing Sols. LLC v. Lenovo Holding Co.*,
    C.A. No. 18-098-MN, 2018 WL 6629709 (D. Del. Dec. 19, 2018) .......................................7

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) (en banc)...............................................................................7

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010)...........................................................................................9, 11

*Godlewski v. Affliated Comput. Servs., Inc.*,
　210 F.R.D. 571 (E.D. Va. 2002) ................................................................................4

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
　No. 24-889, 2026 WL 1593307 (U.S. June 4, 2026) ..................................................8

*HSM Portfolio LLC v. Fujitsu Ltd.*,
　C.A. No. 11-770-RGA, 2014 WL 4468088 (D. Del. Sept. 9, 2014) .......................10

*IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*,
　C.A. No. 16-134-GMS, 2017 WL 1312942 (D. Del. Apr. 5, 2017) ..........................7

*KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*,
　997 F.2d 1444 (Fed. Cir. 1993).................................................................................2

*Koninklijke Philips N.V. v. Idea Village Products Corp.*,
　No. 2:21-cv-08706, 2021 WL 4438185 (D.N.J. Sept. 27, 2021)...............................6

*MONEC Holding AG v. Motorola Mobility, Inc.*,
　897 F. Supp. 2d 225 (D. Del. 2012)...................................................................7, 8, 9

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
　C.A. No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) .......................8

*Osteoplastics, LLC v. Zimmer Biomet Holdings, Inc. et al*,
　C. A. No. 20-407, 2020 WL 12895019 (D. Del. Oct. 21, 2020) .............................13

*Shure Incorporated & Shure Acquisition Holdings, Inc., v. Clearone Inc.*,
　C.A. No. 19-1343-RGA-CJB, 2020 WL 2839294 (D. Del. June 1, 2020),
　*report and recommendation adopted sub nom. Shure Inc. v. Clearone, Inc.*,
　C.A. No. 19-1343-RGA-CJB, 2020 WL 8258362 (D. Del. June 18, 2020).........................4, 5

*Steven Madden, Ltd. v. Yves Saint Laurent*,
　No. 18-cv-7592, 2019 WL 2023766 (S.D.N.Y. May 8, 2019) ..................................6

*Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*,
　C.A. No. 20-1197-LPS, 2021 WL 1785072 (D. Del. May 5, 2021), *report and
　recommendation adopted*, C.A. No. 20-1197-LPS, 2021 WL 5860783 (D. Del.
　Aug. 12, 2021). ...................................................................................................9, 10

*Unette Corp. v. Unit Pack Co.*,
　785 F.2d 1026 (Fed. Cir. 1986)..................................................................................2

*Välinge Innovation AB v. Halstead New England Corp.*,
　C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018),
　*report and recommendation adopted*, 2018 WL 11013901 (D. Del. Nov. 6,
　2018).   ..............................................................................................................12, 13

*VLSI Tech. LLC v. Intel Corp.*,
    C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)........................................13

*Wrinkl, Inc. v. Facebook, Inc.*,
    C. A. No. 20-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) ..................................13

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    528 F. Supp. 3d 247 (D. Del. 2021*)*...................................................................................13

**Statutes**

35 U.S.C. § 271(c) ...............................................................................................................9

**Rules**

Fed. R. Civ. P. 12(a)(4)........................................................................................................4

MavorCo Operations LLC ("MavorCo")'s Complaint alleges that SharkNinja's Ninja Blast Portable Blender ("Blast Blender" or "Accused Product") infringes three utility patents and one design patent that it acquired and does not practice.[1] But the accused Blast Blender is so clearly different from the asserted design patent figures that the Complaint does not even compare the design patent figures to images of the Accused Product as the law clearly requires. Instead, the Complaint focuses on only one of the design patent figures and even a cursory review of that one design patent figure as compared to an alleged drawing of the Blast Blender demonstrates clear differences. As a result, the design patent infringement case is fundamentally flawed and the Complaint's allegations falls well short of the requirements for pleading design patent infringement.

The allegations related to the three utility patents fare no better with respect to the allegations of induced infringement, contributory infringement, and willful infringement. Basic required elements of all three of those allegations are completely missing from this sloppy, ill-pled Complaint. The current Complaint demonstrates that this is an incredibly weak case and moreover, its legal deficiencies require that multiple allegations should be dismissed as pled. SharkNinja Operating LLC ("SharkNinja") respectfully moves to dismiss the direct and willful infringement claims for the '179 Design Patent, and the induced, contributory, and willful infringement claims for the Utility Patents for failure to sufficiently plead facts to support those claims.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff filed its Complaint on March 3, 2026 (D.I. 1). SharkNinja moves to dismiss this Complaint under Rule 12(b)(6); thus, the deadline for answering is deferred until this motion is

---

[1] U.S. Patent Nos. 11,006,784 (the "'784 Patent"), 10,828,612 (the "'612 Patent"), and 11,229,891 (the "'891 Patent") (collectively, the "Utility Patents"), and U.S. Patent No. D981,179 (the "'179 patent" or the "Design Patent"; collectively with the Utility Patents, the "Asserted Patents").

resolved.

## II.    SUMMARY OF THE ARGUMENT

1.   MavorCo's allegations in the Complaint related to the '179 Design Patent fail to present a plausible case of design patent infringement.  The Complaint fails to compare the claimed design to the actual Accused Product (and not a drawing of it) to determine if the designs are substantially the same and also fails to show that the design and the Accused Product are visibly similar to an ordinary observer as the law requires.  *See KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993); *Unette Corp. v. Unit Pack Co.*, 785 F.2d 1026, 1028 (Fed. Cir. 1986).  MavorCo merely supplies a single drawing from the design patent next to a drawing (not an image, but a drawing) of the Accused Product, which is insufficient to state a claim. Moreover, no ordinary observer would confuse the design patent's drawing with the alleged drawing of the accused Blast Blender.  The infringement of the '179 Design Patent should be dismissed.

2.   MavorCo's Complaint for induced infringement of the three utility patents fails to plead any facts that, if true, would show a third party infringed the patents, or that SharkNinja had knowledge of or intent to induce infringement.  Those are essential elements of induced infringement, and the Complaint's failure to plead those elements means that the induced infringement claims on the three utility patents should be dismissed.

3.  MavorCo's Complaint for contributory infringement of the three utility patents also fails to plead essential elements for that cause of action – namely, facts plausibly showing another party's alleged direct infringement, that SharkNinja knew of the patents, knew another party's acts constituted direct infringement, supplied the other party with a component that was a material part of the invention, and that component had no other substantial uses.  Accordingly, the contributory infringement claims against the three utility patents should be dismissed.

4.    MavorCo's Complaint also failed to plead essential elements for willful infringement of all four of the Asserted Patents.  Willful infringement requires MavorCo to plead facts plausibly showing SharkNinja knew of the patents and knew or should have known that its activities amounted to infringement—which MavorCo failed to do.  MavorCo failed to allege any facts showing SharkNinja knew or should have known that it was infringing the Asserted Patents.  The willful infringement claims should be dismissed.

## III.    STATEMENT OF FACTS

In March 2023, after years of being the leader in the blender industry, SharkNinja released its Blast Blender, a cordless blender which allowed for high-quality drinks on the go.[2]  Three years later, on March 3, 2026, MavorCo, who acquired the Asserted Patents from BlendJet (Compl. ¶ 17) and does not make any products of its own, filed a complaint alleging the Blast Blenders infringed the Asserted Patents with many glaring weaknesses.  It did not plead knowledge of infringement prior to the complaint.  Instead, MavorCo's Complaint only alleges that on November 2, 2023, SharkNinja filed an Information Disclosure Statement ("IDS") in U.S. Design Patent Application No. 29/872,554 (which later issued as U.S. Patent No. D1,096,282) identifying the Utility Patents.  Compl. ¶ 44.  The IDS, on MavorCo's own pleading, identified only the three Utility Patents—not the '179 Design Patent.  But the Complaint does not allege that such knowledge shows knowledge of infringement.  It does not allege knowledge of infringement by third parties, which is required for induced and contributory infringement.  It does not allege other requirements of inducement or contributory infringement.

---

[2]https://ir.sharkninja.com/news/news-details/2023/New-Ninja-Blast-Portable-Blender-Challenges-the-Competition-with-Powerful-Innovative-On-The-Go-Blending/default.aspx  (cited in Compl. ¶ 22).

## IV.    LEGAL STANDARD

To survive a motion to dismiss, the plaintiff must allege non-conclusory facts that make liability "plausible," meaning that they allow "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  As a Rule 12(b)(6) motion challenging a portion of the complaint tolls the period for answering the entire complaint. *See Cir. City Stores v. Citgo Petroleum Corp*. No. Civ. A. 92-CV-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994); *Godlewski v. Affliated Comput. Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) (collecting authorities); Fed. R. Civ. P. 12(a)(4).

## V.    ARGUMENT

### A.    MavorCo Fails to Plausibly Allege Infringement of the '179 Design Patent.

MavorCo's claims of direct infringement of the '179 Design Patent fail.  To plead infringement of a design patent, MavorCo must show a plausible claim of design patent infringement. *Shure Inc. & Shure Acquisition Holdings, Inc., v. Clearone Inc.*, C.A. No. 19-1343-RGA-CJB, 2020 WL 2839294, at *13 (D. Del. June 1, 2020), *report and recommendation adopted sub nom. Shure Inc. v. Clearone, Inc.*, C.A. No. 19-1343-RGA-CJB, 2020 WL 8258362 (D. Del. June 18, 2020).  To do this, the complaint needs to "demonstrate[] sufficient visual similarity to infer infringement plausible at this stage of the case." *Id.* at *14.  To be visually similar, it is determined that "if in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Id.* at *13.

MavorCo's Complaint fails to show the actual Blast Blender is "visibly similar" to the '179 Design Patent for multiple reasons.  First, its allegations of visible similarity are based on one

4

diagram from the '179 Design Patent, a single drawing (not an image) that is alleged to be a drawing of the Accused Product and a conclusionary statement. Compl. ¶¶ 101–02. This is insufficient to plead design patent infringement. *Shure Inc.*, 2020 WL 2839294, at \*13.

Second, the Complaint fails to even review five of the six drawings in the '179 Design Patent. Those additional figures demonstrate differences between the patented design and the Accused Product. For example, just using other images in the Complaint, it is clear that the Accused Product has two buttons, a Start/Stop button and a Power button, and a port on the backside, not the front, which is strikingly different from the six drawings in the '179 Design Patent. *See* Compl. at ¶ 47.

Third, the Complaint does not provide any comparison to images of the Accused Product and instead refers to the design patent allegations is of a drawing of what is alleged to be the Accused Product. The Complaint also does not explain where the drawing it uses comes from. That failure alone renders the Complaint inadequate as a matter of law because infringement requires comparison of the Accused Product (or at least images of that Accused Product) to the design patent drawings—not comparison of a drawing of the Accused Product to the design patent. *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 932 (Fed. Cir. 2014) ("Determining infringement of a design patent requires comparing the drawings of the patented design to the appearance of the accused products, and the photographs are visual representations of those products.").

Fourth, even the comparison the Complaint provides between one figure from the '179 Design Patent and a drawing of the Accused Product does not provide a credible pleading that an ordinary observer would consider the two images visually similar. The Federal Circuit has held that if "plain differences exist between the accused products and the patent design," then a

complaint of patent infringement "cannot survive." *See Anderson*, 570 F. App'x at 933–34. Courts routinely make a side-by-side comparison of the design patent and the images of the Accused Product in the complaint to determine if plain differences exist at the motion to dismiss stage. *See Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1343 (Fed. Cir. 2019) (dismissing a complaint after comparing a weaving pattern of a basket to a weaving pattern of a chair); *Anderson*, 570 F. App'x at 933–34 (dismissing a complaint after comparing an adult diaper in a brief style compared to a bloom style); *Koninklijke Philips N.V. v. IdeaVillage Products Corp.*, No. 2:21-cv-08706, 2021 WL 4438185, at *9 (D.N.J. Sept. 27, 2021) (dismissing a complaint after comparing razor designs); *Steven Madden, Ltd. v. Yves Saint Laurent*, No. 18-cv-7592, 2019 WL 2023766, at *4 (S.D.N.Y. May 8, 2019) (dismissing a complaint after comparing shoes designs). Here, the drawings provided in the Complaint clearly show two different devices: the sole figure from the design patent has one round button and a port within an oval design, while the sole drawing Plaintiff purports to be of the Accused Product has two rectangular buttons within a rounded rectangle and no port. *See* Compl. ¶ 101.

 

*Id.* Such dissimilarities cannot survive a motion to dismiss.

Because the Complaint contains no factual basis to support the allegation of infringement of the '179 Design Patent, SharkNinja respectfully requests the infringement claim be dismissed.

**B.    MavorCo Fails to Plausibly Allege Induced Infringement of the Utility Patents.**

MavorCo's induced infringement allegations for the Utility Patents fail because the Complaint does not allege 1) a third party's use of the Accused Products infringed the Utility Patents, or 2) SharkNinja had specific intent to induce infringement of the Utility Patents.

Induced infringement requires that the accused infringer knew of the patent and knew that the induced acts constituted infringement of the patent. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *see also Addiction & Detoxification Inst. LLC v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015). In addition, a complaint must plead "facts plausibly showing that [SharkNinja] specifically intended [its] customers to infringe the [Asserted Patents] and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 491 (D. Del. 2019). Induced infringement additionally requires *specific intent*— facts plausibly showing that the accused infringer intended to encourage another's infringement of the patent. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304–06 (Fed. Cir. 2006) (en banc); *Bos. Sci. Corp.*, 415 F. Supp. 3d at 491. Knowledge of the patent and continued sale of the accused product, standing alone, do not suffice. *See DoDots Licensing Sols. LLC v. Lenovo Holding Co.*, C.A. No. 18-098-MN, 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018). Moreover, the law in this District is clear that "conduct in selling, advertising, supplying and instructing . . . customers on the use of the infringing product" does not support a claim for inducement. *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012); *see also IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*, C.A. No. 16-134-GMS, 2017 WL 1312942, at *4 (D. Del. Apr. 5, 2017) (rejecting as insufficient "links to [the defendant's] website and specific webpages that [the plaintiff] claims 'instructs and encourages users,'" "provid[ing] 'detailed support for'"

7

the alleged infringement); *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, C.A. No. 13-2052-LPS, 2014 WL 4675316, at \*6 (D. Del. Sept. 19, 2014) (recognizing that "assertions that a defendant provided unspecified training and instructions to its customers concerning the use of the Accused Products are not specific enough" and "simply begs the question: Provided training and instructions as to what?" (internal quotation marks omitted)).

*No allegations of direct infringement by a third party.*  Rather than identifying any third party that allegedly infringes the Utility Patents, the Complaint only discusses SharkNinja's alleged conduct.  *See generally* Compl.  This is insufficient to maintain an allegation of inducement.  *See In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d at 1333 ("It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement.") (internal quotation omitted);

*No adequate allegation that SharkNinja had specific intent to induce infringement.*  The Complaint also did not allege specific intent to induce infringement, as the law requires.  *Id.* at 1339.  MavorCo's allegations only combine conclusory allegations of induced infringement with legally inadequate factual allegations that SharkNinja encouraged, instructed, or aided customers in using the Accused Product.  Such allegations are insufficient under the law.  *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, No. 24-889, 2026 WL 1593307, at \*7-8 (U.S. June 4, 2026); *MONEC Holding*, 897 F. Supp. 2d at 234.  The Complaint does not even mention "specific intent" or "intent to infringe" at all.  Instead, MavorCo makes the conclusory allegation that SharkNinja "actively induce[d] infringement" with no other factual support than the inadequate allegation that SharkNinja "encourag[ed], instruct[ed], end users to use the Accused Products in an infringing manner through user manuals, marketing, and online materials."  Compl. ¶¶ 59, 77, 96. "Allegations of the marketing activities of [defendant] do not, on their own, demonstrate that [it]

8

knew such activities were infringing or that [it] possessed the specific intent to encourage another's infringement," and tacking on the naked assertion that the uses were in a manner that infringes adds nothing.  *MONEC Holding*, 897 F. Supp. 2d at 234; *Iqbal*, 556 U.S. at 678.

The Complaint fails to include two required elements for induced infringement for the Utility Patents and therefore, the allegations of induced infringement for those patents should be dismissed.

### C.      MavorCo Fails to Plead Contributory Infringement Adequately.

MavorCo's contributory infringement claims also fail to meet the minimum pleading requirements for three independent reasons: 1) MavorCo does not allege direct infringement by a third party; 2) MavorCo does not identify a specific component; and 3) MavorCo fails to allege any facts to raise a plausible inference of no substantial non-infringing uses.

Contributory infringement both require that the accused infringer knew of the patent and knew that the contributed-to acts constituted infringement of the patent.  *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *see also Addiction & Detoxification Inst. LLC v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).  Contributory infringement also requires that the accused infringer sell or offer to sell "a *component* of a patented machine, manufacture, combination, or composition," knowing the component to be "especially made or especially adapted for use in an infringement" and "not a staple article or commodity of commerce suitable for substantial noninfringing use."  35 U.S.C. § 271(c) (emphasis added); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).  Where the patentee alleges sale of the accused product as a whole—and does not identify a separately-supplied component—the contributory claim fails as a matter of law.  *Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, C.A. No. 20-1197-LPS, 2021 WL 1785072, at *5 (D. Del. May 5, 2021), *report and recommendation adopted*, C.A. No. 20-1197-LPS, 2021 WL 5860783 (D. Del. Aug. 12, 2021).

***No allegations of direct infringement by a third party.*** MavorCo's complaint fails to adequately plead contributory infringement because it does not provide any factual allegations that a third party directly infringes the Asserted Patents. Instead, the complaint is entirely about SharkNinja's alleged conduct. *See generally* Compl. This is insufficient to maintain an allegation of contributory infringement. *See In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d at 1337.

***No identification of a specific component and completed product.*** Contributory infringement requires the supply of a component to a third party who then combines it into an infringing system; where the defendant is alleged to sell the assembled product itself, the law of contributory infringement does not apply because the defendant is not supplying a "component" but instead is supplying the completed product. *Tonal Sys., Inc.*, 2021 WL 1785072, at *5. The Complaint identifies no separately-supplied component of that device—no replaceable part, no consumable, no add-on—that is itself especially adapted to practice the asserted claims. Instead, MavorCo alleges that SharkNinja "offering components (i.e. bases and blade assemblies) especially made for use in infringement and not suitable for substantial non-infringing use." Compl. ¶¶ 59, 77, 96; *HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. No. 11-770-RGA, 2014 WL 4468088, at *1 (D. Del. Sept. 9, 2014) (dismissing claims of contributory infringement because the "main argument is that the accused [products] are not components especially designed for an infringing product because they are accused of direct infringement in and of themselves"). It is unclear whether Plaintiff is alleging that the Accused Product is a component of a machine that allegedly infringes, or if the Accused Product itself allegedly infringes. Either way, Plaintiff failed to reach the pleading standards because if the Accused Product is a component, then the Complaint fails to allege what infringing machine it is a part of, and if the Accused Product is the allegedly

10

infringing machine, the Complaint fails to identify a specific component. The Complaint therefore fails to identify a specific separate component that is being sold from the accused Blast Blender itself and also fails to identify any other completed product of which the Blast Blender is a specific component.

*No adequate allegation of no substantial non-infringing uses.* MavorCo must also plead "that the component has no substantial noninfringing uses, and . . . that the component is a material part of the invention." *Fujitsu*, 620 F.3d at 1326. MavorCo's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* Compl. ¶¶ 59, 77, 96. As the Federal Circuit held in *Artrip v. Ball Corp.*, conclusory allegations are not enough to establish contributory infringement. 735 F. App'x 708, 713 (Fed. Cir. 2018) (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [defendant] was aware of the patents or facts to suggest that the [accused product] it supplied had no substantial noninfringing use"). MavorCo's failure to raise a plausible inference of no substantial non-infringing uses is fatal to its contributory infringement claim.

Because the Complaint contains no factual basis to support the allegation of contributory infringement, SharkNinja respectfully requests the contributory infringement claims be dismissed.

### D.     MavorCo's Pre-Suit Willfulness Claims Fail Across All Four Asserted Patents.

MavorCo's allegations amount to a recitation of elements of the claim which is far from enough legally. Moreover, MavorCo fails to allege facts to plausibly plead pre-suit or post-suit knowledge of infringement. These failures render the willfulness allegations deficient.

In addition to knowledge of the patent, for willful infringement, the complaint must allege facts plausibly showing that the accused infringer (1) after acquiring knowledge of the patent, infringed the patent; and (2) in doing so, knew or should have known that its conduct amounted to

11

infringement of the patent. *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021); *Välinge Innovation AB v. Halstead New England Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at \*13 (D. Del. May 29, 2018), *report and recommendation adopted*, 2018 WL 11013901 (D. Del. Nov. 6, 2018). Knowledge of the patent, standing alone, does not support a plausible inference of intentional or knowing infringement. *Id.*

*No Allegations of Pre-Suit Knowledge of the '179 Design Patent.* Willfulness requires pre-suit knowledge of the asserted patent. *Välinge Innovation AB*, 2018 WL 2411218, at \*12–13. The Complaint pleads no fact suggesting SharkNinja knew of the '179 Design Patent before suit as the law requires for willfulness. *Bayer Healthcare*, 989 F.3d at 987; *Välinge Innovations AB*, 2018 WL 2411218 at \*12–13. The only pled pre-suit knowledge source—the November 2023 IDS—identified only the three Utility Patents. Compl. ¶ 44. On the face of the Complaint, the '179 Design Patent was not in the IDS, and Plaintiff pleads no other source of pre-suit knowledge. The pre-suit willfulness allegation as to the '179 Design Patent therefore fails at the threshold.

*No Pre-Suit Knowledge of Infringement of the Asserted Patents.* MavorCo's Complaint also does not provide factual allegations to plausibly support that SharkNinja knew or should have known that it was infringing.[3] *Välinge Innovation AB*, 2018 WL 2411218, at \*12–13 (requiring pleading of "other factual allegations that go to the accused infringer's subjective intent to infringe—i.e., that plausibly demonstrate that the accused infringer not only knew of the patent-

---

[3] The only facts MavorCo alleges support that SharkNinja did not believe Accused Products infringe. For example, MavorCo alleges that SharkNinja possessed MavorCo's products based on an advertisement comparing the Ninja Blast with the BlendJet2. Compl. ¶ 26. However, that advertisement was aimed at the differences between the two products. Further, MavorCo alleges that SharkNinja knew of the Utility Patents because they were cited in an Information Disclosure Statement when SharkNinja was prosecuting U.S. Design Patent No. D1,096,282. Compl. ¶ 44. The fact that the Patent Office was aware of MavorCo's patents and still issued SharkNinja its patent demonstrates that SharkNinja believed its patent and products were different from MavorCo's patents.

in-suit, but also knew or should have known that what it was doing (and what it continued to do) amounted to infringement of that patent"). Instead, MavorCo pleads conclusions. *See* Compl. ¶¶ 61, 79, 97, 103 ("Defendant is a sophisticated participant in the consumer appliance market, had access to and studied the competing portable blender product patented designs, and copied the inventions in the Accused Products…Defendant knew of the Patents-in-Suit and risk of infringement, yet continued its infringing conduct."). This is insufficient. *Välinge Innovation AB*, 2018 WL 2411218, at *12–13.

*The Complaint Cannot Provide Post-Suit Willfulness Knowledge.* To the extent Plaintiff relies on the Complaint itself as a source of post-suit knowledge for willfulness, this Court has repeatedly held that a complaint is not a basis for actionable knowledge to sustain a willfulness claim. *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019); *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 252 (D. Del. 2021); *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-CV-1345-RGA, 2021 WL 4477022, at *6–7 (D. Del. Sept. 30, 2021); *Osteoplastics, LLC v. Zimmer Biomet Holdings, Inc. et al*, C.A. No. 20-407, 2020 WL 12895019, at *1 (D. Del. Oct. 21, 2020) (dismissing willfulness because of lack of pre-suit knowledge). The reason is doctrinal: the complaint's purpose is to assert existing claims, not to create them. *VLSI*, 2019 WL 1349468, at *2. Plaintiff's post-suit willfulness theory fails for the same reason its pre-suit theory fails: the Complaint pleads no fact, before or after filing, that plausibly establishes deliberate or intentional infringement.

Therefore, the Complaint is devoid of factual allegations to "plausibly demonstrate" that SharkNinja knew of its alleged infringement, either before or after the filing of MavorCo's deficient Complaint. *Välinge Innovation AB*, 2018 WL 2411218, at *12–13. Accordingly, SharkNinja respectfully request the claims of willful infringement be dismissed. *Id.*

13

## VI.    CONCLUSION

For the reasons stated above, SharkNinja respectfully requests that the Court dismiss MavorCo's claims of direct infringement of the '179 Design Patent, induced and contributory infringement regarding the Utility Patents, and willfulness for all Asserted Patents.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Brian A. Rosenthal
Jaclyn Hellreich
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel:  (212) 351-2339

Brian Buroker
Shuo Josh Zhang
David Brzowzski
GIBSON, DUNN & CRUTCHER LLP
170 M St., N.W.
Washington, DC 20036
Tel:  (202) 955-8500

David Glandorf
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence Street
Suite 3000
Denver, CO 80202
Tel:  (303) 298-5700

Dated: June 10, 2026
12969455 / 18991.00002

By:  */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Peter T. Sabini (#7655)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
psabini@potteranderson.com

*Attorneys for Defendant SharkNinja Operating LLC*

14